Dear Mayor Mayo and Mr. Clark:
Our office received a request for an opinion as to whether it was proper for the Monroe City Council ("Council") to vote and adopt an ordinance when the same ordinance had failed to pass at a previous meeting of the Council.
More specifically, your letter indicates that the Council voted to introduce an ordinance, and then took the final vote on such ordinance at a subsequent meeting on December 28, 2010. The ordinance failed with a 2-2 vote, with one councilmember absent. In January 2011, the matter was introduced again, and a majority of the Council voted to introduce the ordinance. The ordinance was then adopted at the Council's subsequent meeting. You have asked our office to provide an opinion as to whether it was appropriate for the matter to be introduced again in January, after the ordinance failed to pass at the December meeting.
The City of Monroe operates under a Home Rule Charter ("Charter"). Section 2-10(C) of the Charter, relative to Council Meetings and Rules, provides that the Council "shall establish by resolution its own rules and order of business . . ." You have included such "Rules of Procedure" with the opinion request.[1]
Consideration of this question requires the explanation of some key terms as defined by Robert's Rules of Order:
A `meeting' of an assembly is a single official gathering of its members in one room or area to transact business for a length of time during which *Page 2 
there is no cessation of proceedings and the members do not separate, unless for a short recess.[2]
[. . .]
A `session' of an assembly, unless otherwise defined by the bylaws or governing rules of the particular organization or body, is a meeting or series of connected meetings devoted to a single order of business, program, agenda, or announced purpose, in which — when there is more than one meeting — each succeeding meeting is scheduled with a view to continuing business at the point where it was left off at the previous meeting.[3]
[. . .]
In a permanent society whose bylaws provide for regular weekly, monthly, or quarterly meetings that go through an established order of business in a single afternoon or evening, each `meeting' of this kind normally completes a separate session . . .[4]
As the bylaws or governing rules of the Council do not provide for a definition of "session," we defer to the definition provided by Robert's Rules of Order. Thus, each regular meeting of the Council completes a separate session.
Defining the parameters of a session is important, since the same question cannot be brought up again in the same session after it is too late to reconsider a vote that has finally disposed of a motion without adopting it.[5] One of the distinct characteristics of separate sessions is the freedom of each new session. Without adopting special rules or amending the bylaws, as a general principle, one session cannot tie the hands of the majority at a later session.[6] Although there are limitations on how and when a vote may be reconsidered within the same session, generally, those limitations do not apply when the same question is brought before the assembly in a separate session:
The conditions under which a motion can be renewed — that is, can be introduced as if new after having previously been made and disposed of without adoption — are closely related to the freedom of each new session, and to the distinction between a meeting and a session . . . the same or substantially the same question cannot be brought up a second time during the same session except by means of the parliamentary motions *Page 3 
that bring a question again before the assembly. At any later session, on the other hand, any motion that is still applicable can normally be renewed unless it has come over from the previous session . . . as not finally disposed of.[7]
In the scenario you have presented, the Council considered adoption of the ordinance at a meeting (and session) in December. The motion did not pass. The meeting (and session) ended. At the Council's January meeting, a separate session of the Council, the ordinance was introduced once again. Considering the freedom of each new session, this is permissible. As described above, certain limitations apply when an assembly wishes to reconsider an issue already voted on in the same session. However, as Robert's Rules of Order makes clear, it is permissible for an assembly to reconsider a motion which failed to pass at a previous session:
If a motion is made and disposed of without being adopted, and is later allowed to come before the assembly after being made again by any member in essentially the same connection, the motion is said to be renewed. Renewal of motions is limited by the basic principle that an assembly cannot be asked to decide the same, or substantially the same, question twice during one session — except through a motion to reconsider a vote or a motion to rescind an action, or in connection with amending something already adopted.[8]
You have indicated that the introduction of the ordinance which had previously failed was placed on the agenda at the January meeting at the request of the Chairman. As described above, by reintroducing the matter for consideration by the Council, the previously failed motion is said to be renewed. A majority of the Council voted to introduce the ordinance at the January meeting. Then, at the Council's next meeting, a majority of the Council voted to adopt the ordinance.
The description of the passage of the ordinance is consistent with the procedure for passing ordinances, as described by Rule 1.9 of the Rules of Procedure adopted by the Council, which provides:
Except in the case of emergency ordinances, no final action shall be taken on any ordinance at the meeting at which it is introduced. No ordinance shall be considered by the Council unless it has been introduced by motion of a Council member, seconded by another Council member, and approved by a majority of the authorized membership of the Council. After introduction, the ordinance shall lay over until the next regular meting of the Council, or until such time as the ordinance has been properly advertised, at which time the Council may take final action thereon. *Page 4 
As the reconsideration of the ordinance was done at a separate session from the session in which the ordinance failed, the described action by the Council is not prohibited by Robert's Rules of Order. Further, there is nothing in the Rules of Procedure for the Council which prohibits the assembly from reconsidering an issue which failed to pass at a previous session. Therefore, in conclusion, it is the opinion of this office that failure to pass an ordinance at the December meeting does not prohibit a majority of the Council from voting to introduce the ordinance again at the January meeting.
We hope that this opinion has adequately addressed the legal issues you have raised. If our office can be of any further assistance, please do not hesitate to contact us.
With best regards,
JAMES D. "BUDDY" CALDWELL
ATTORNEY GENERAL
BY: __________________________
Emalie A. Boyce
Assistant Attorney General
JDC: EAB
[1] Rule 4.8 of the Rules of Procedure for the Council provides that "Any procedural matter not covered by law, the Home Rule Charter, or these rules shall be governed by Robert's Rules of Order, Revised."
[2] RONR (10th ed.), p. 79, I. 17-21.
[3] RONR (10th ed.), p. 80, I. 8-17.
[4] RONR (10th ed.), p. 81, I. 29-33.
[5] RONR (10th ed.), p. 82, I. 9-12.
[6] RONR (10th ed.), p. 85, I. 15-18.
[7] RONR (10th ed.), p. 86, I. 26-33.
[8] RONR (10th ed.), p. 325, I. 3-12.